*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUAN CARLOS RODRIGUEZ,

Defendant-Appellant.

UNPUBLISHED
October 17, 2025
11:25 AM

No. 367868
Kalamazoo Circuit Court
LC No. 2022-000570-FC

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

MALDONADO, J. (*dissenting*).

I respectfully dissent from the majority's analysis of the alleged *Batson*[1] error.

The majority correctly articulates the three-step, burden-shifting framework for a *Batson* challenge, but then incorrectly concludes that the trial court "ended the inquiry prematurely." Although I agree that the trial court misstated the rules regarding a *Batson* challenge, I dispute that the trial court's minor pushback in this case "clearly shows" that the trial court "failed to duly discharge its obligation" under the *Batson* framework or alleviated defendant's responsibility to make a prima facie showing of discrimination.

To make such a prima facia showing of discrimination, a defendant must establish three things:

"(1) he [or she] is a member of a cognizable racial group; (2) the proponent has exercised a peremptory challenge to exclude a member of a certain racial group from the jury pool; and (3) all the relevant circumstances raise an inference that the proponent of the challenge excluded the prospective juror on the basis of race." [*Carlsen Estate v Southwestern Mich Emergency Servs, PC*, 338 Mich App 678,

---

[1] *Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986).

687; 980 NW2d 785 (2021) (quoting *People v Knight*, 473 Mich 324, 336; 701 NW2d 715 (2005)).]

Defendant's entire effort to satisfy these three requirements can be found only in this colloquy between defense counsel and the trial court:

> *Defense Counsel.* Your Honor, I just—I don't (sic) that there was anything that came out of [Juror 11]'s testimony that, you know, obviously peremptory we have whatever reason. But, I'm just concerned about a potential *Batson* issue.
>
> *The Court*: Well, it's—was there another person that was a minority that [the prosecution] struck, or was this the first person that's a minority that he struck?
>
> *Defense Counsel*: I think it's the first, your Honor.
>
> *The Court*: All right. Then a *Batson* wouldn't apply in this scenario. Anything else we can address outside the presence of the jury? Unless you have any argument you want me to be aware of right now?
>
> *Defense Counsel*: No, I just wanted to place that concern on the record, your Honor. Thank you.
>
> *The Court*: All right. Thank you.

On this record, the trial court did not clearly err by determining that defendant did not attempt to make a prima facie showing of discrimination. Importantly, defendant's failure was not the result of the trial court's obstruction. Although the trial court initially—and incorrectly—indicated that *Batson* did not apply to the first striking of a minority juror, the trial court then *immediately* afforded defense counsel the opportunity to argue otherwise by asking her if there was "[a]nything else" for the court to "address outside the presence of the jury?" and if there was "any argument" she wanted the trial court to be aware of. Defense counsel responded, "No, I just wanted to place that concern on the record, Your Honor." In other words, the trial court opened the door to additional argument, but defense counsel declined to walk through it. See *People v Bell*, 473 Mich 275, 290; 702 NW2d 128 (2005), opinion corrected on reh'g on other grounds, 474 Mich 1201 (2005) (determining that the trial court cured its initial error in denying defense counsel the opportunity to create a record regarding race-based peremptory challenges when the trial court subsequently—and almost immediately—then allowed defense counsel to create such a record). Because the trial court immediately cured its error, and defense counsel declined to make any further argument, the trial court did not clearly err by determining that defense counsel had not provided sufficient facts to support the first step of its *Batson* challenge.

Defendant did not present the issue again until defendant's postjudgment motion for a new trial. "Defense counsel cannot acquiesce to the court's handling of a matter at trial, only to later raise the issue as an error on appeal. A contrary result would run afoul of the well-established legal principle that a defendant . . . cannot harbor error as an appellate parachute." *People v Buie*, 491 Mich 294, 312; 817 NW2d 33 (2012) (quotation marks and citation omitted). In the present

case, the trial court did not impede defense counsel—defense counsel simply did not present an argument when given the opportunity to do so.  See *id.*

Accordingly, I dissent.

/s/ Allie Greenleaf Maldonado